## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

Dallas Lockett and Michelle Lockett, individuals,

    Plaintiff,

v.

Conn Appliances, Inc., Conns, Inc., Conn Credit Corporation, Inc., Conn Credit I, LP,

    Defendants.

CASE NO.:

## COMPLAINT

Plaintiffs Dallas Lockett and Michelle Lockett ("Mr. and Mrs. Lockett" or "Plaintiff") sue Defendants Conn Appliances, Inc., Conns, Inc., Conn Credit Corporation, Inc., Conn Credit I, LP, (collectively "Defendants" or "Conn's"), and allege as follows:

## INTRODUCTION

1. In violation of Telephone Consumer Protection Act, 47 U. S. C § 227 et seq. ("TCPA") and the Fair Debt Collection Practices Act, 15 U. S. C. § 1692 et seq. ("FDCPA"), Defendants autodialed Mr. and Mrs. Lockett's cell phones without their permission. Plaintiffs seek recovery of statutory damages, litigation costs, and attorney's fees.

## PARTIES

2. Mr. and Mrs. Lockett are individuals who reside in Tulsa, Oklahoma.

3. Defendant Conn Appliances, Inc. is a Texas corporation with a principal place of business in Texas whose registered agent for service of process is: C T Corporation, 1999 Bryan St., Ste. 900, Dallas, TX 75201-3136.

4. Defendant Conn's Inc. is a Delaware corporation with a principal place of business at 4055 Technology Forest Blvd. #210, The Woodlands, TX 77381. Its registered agent for service of process is: The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE, 19801.

5. Defendant Conn Credit Corporation, Inc. is Texas corporation with principal place of business at 4055 Technology Forest Blvd. #210, The Woodlands, TX 77381. Its registered agent for service of process is: C T Corporation System, 1999 Bryan St., Ste. 900, Dallas, TX 75201-3136.

6. Defendant Conn Credit I, LP is a Texas limited partnership with a principle place of business at 4055 Technology Forest Blvd. #210, The Woodlands, TX 77381. Its registered agent for service of process is: C T Corporation System, 1999 Bryan St., Ste. 900, Dallas, TX 75201-3136.

7. Other Defendants may be discovered during the course of this litigation, and Plaintiff respectfully requests that the Court permit the addition of later discovered parties upon motion.

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 as this action arises under the Constitution, laws, or treaties of the United States.

9. Venue is proper pursuant to 28 U.S.C. § 1391(b) as Defendant maintains several offices in this venue and is subject to personal jurisdiction from its continuous and systematic contacts throughout counties in the Eastern District.

## FACTUAL BACKGROUND

1. Defendant Conn's sells various consumer goods, ranging from electronics to home furniture to office products, to households throughout the United States for personal use.

2. Concomitant with its retail business, Defendant Conn's also extends credit to credit-strained consumers to finance the purchase of its goods. Conn's knows that many of its borrowers are unlikely to repay and structures its business to protect against these risks, from investing in auto-

dialers for collection purposes to packaging and selling defaulted consermer debts on the secondary subprime credit market.

3.   In or around 2014, Defendants began autodialing Plaintiffs' cell phones, numbers (918-xxx-6598) and (918-xxx-3828), daily almost 10 to 50 times a day, at one point 175 times in one day, at all hours the day including before 8 am and after 9 pm.

4.   Defendants used an automatic dialing system to make the calls to Plaintiffs' cell phones without their consent. When Plaintiffs answered the calls, Plaintiffs heard prerecorded messages requesting call backs.

5.   Plaintiffs' have repeatedly requested all calls to their cell phones cease.

6.   Defendants continue to make automated calls to Plaintiffs' cell phones without Plaintiffs' consent, and refuse to stop calling Plaintiffs' cell phones. Since 2014, Conn's has called Plaintiffs' numbers well over 800 times.

## COUNT I
### Violation of the TCPA

7.   Plaintiffs restate each of the allegations contained in paragraphs 1 through 6 of this Complaint as though fully incorporated herein.

8. In placing calls to Plaintiff's cellular phones using an automatic dialing system without Plaintiffs' prior express consent, Defendants willful violated 47 U.S.C. § 227(b)(1)(A)(iii).

9. Since December 2014, despite Plaintiffs repeatedly each and every time requesting Defendant Conn's cease calling Plaintiffs cell phones, Defendant Conn's continued to call several times a day.

10. The actions and conduct of Defendants were and are in willful violation of 47 U.S.C. § 227 et seq., and Defendant is liable for damages in the amount of $500.00 for each violation, and such damages may be increased to an amount equal to not more than three times the amount awarded, plus legal fees and expenses.

## COUNT II
### Violation of the FDCPA

11. Defendant Conn's calls to Plaintiffs is a "communication" in accordance with 15 U.S.C. § 1692a(2).

12. Plaintiffs are consumers in accordance with 15 U.S.C. § 1692a(3).

13. Any alleged debt Defendant Conn's may be attempting to collect is a consumer debt in accordance with 15 U.S.C. § 1692a(5).

14. Defendants are debt collectors in accordance with 15 U.S.C. § 1692a because Defendants regularly collect or attempt to collect debts owned or due to companies that finance consumer purchases.

15. Defendants used false, deceptive, misleading representations or means in the collection of a false debt under the pseudonym Conn's in violation of 15 U.S.C. §1692e.

16. In collecting a false debt, Defendants falsely represented the character, amount, and legal status of Plaintiffs alleged debt in violation of 15 U.S.C. §1692e(2)(A).

17. Defendants used unfair and unconscionable means to collect a debt in violation of 15 U.S.C. §1692f by calling Plaintiffs on their landline and cellphones at all hours of the day, multiple times a day, even after Plaintiffs requested Defendants stop contacting them.

18. In violation of 15 U.S.C. §1692g, Defendants also failed to send Plaintiffs a written notice, within five days after initial communication, of the following:

(a) a statement that unless Plaintiffs, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid;

(b) a statement that if the Plaintiffs notify in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against Plaintiffs and a copy of such verification or judgment will be mailed to Plaintiffs; and

(c) a statement that, upon Plaintiffs written request within the thirty-day period, the debt collector will provide Plaintiffs with the name and address of the original creditor, if different from the current creditor.

## JURY DEMAND

Plaintiffs demand a trial by jury on all issues so triable by right of a jury.

## PRAYER FOR RELIEF

WHEREFORE Plaintiffs respectfully request that Defendants be summoned to appear and answer herein, and the following damages and relief:

a) A declaratory judgment pursuant to 28 U.S.C §§ 2201, 2202 adjudging Defendants conduct violates the Telephone Consumer Protection Act and the Federal Fair Debt Collection Practices Act;

b) An award of the maximum statutory damages to Plaintiffs pursuant to the Telephone Consumer Protection Act and the Fair Debt Collection Practices Act;

c) An award of all costs of this action and reasonable attorney's fees pursuant to 15 U.S.C § 1692 k(a)(3);

d) An order of injunctive relief enjoining Defendants from their impermissible collection activities; and

e) Any other such relief, at law or in equity, to which Plaintiffs may be justly entitled to receive

Dated: September 12, 2016

Respectfully submitted,

/s/ Carissa S. Picard

Carissa Picard
State Bar No.: NA[1]
PICARD LADWIG PLLC
5960 W. Parker Road #278-240
Plano, Texas 75093
Telephone: (972) 454-9388
Email: carissa@picardladwig.com

**ATTORNEY FOR PLAINTIFF**

---

[1] Attorney is admitted to the Eastern District of Texas based upon her admission and good standing with the State Bar of Maryland, which does not issue bar numbers to its attorneys.