**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| **DALLAS LOCKETT AND** | § | |
| **MICHELLE LOCKETT,** | § | **CASE NO. 4:16-cv-00703** |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| **v.** | § | |
| | § | |
| **CONN APPLIANCES, INC., CONN'S,** | § | |
| **INC., CONN CREDIT CORPORATION,** | § | |
| **INC., CONN CREDIT I, LP,** | § | |
| | § | |
| **Defendants.** | § | |

**DEFENDANTS CONN'S, INC., CONN CREDIT CORPORATION, INC.,**
**AND CONN CREDIT I, LP'S MOTION TO STRIKE OR LIMIT PLAINTIFFS'**
**FEDERAL RULE OF CIVIL PROCEDURE 26(a)(2) EXPERT**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Defendants Conn's, Inc., Conn Credit Corporation, Inc., and Conn Credit I, LP ("Defendants"), file this Motion To Strike Or Limit Plaintiffs', Dallas Lockett and Michelle Lockett ("Plaintiffs"), Federal Rule Of Civil Procedure 26(a)(2) Expert as follows:

**I.**
**INTRODUCTION**

1.      In this case, Plaintiffs allege that Defendants violated the Telephone Consumer Protection Act, 47 U.S.C., § 227 ("TCPA").  Specifically, Plaintiffs allege that Defendants placed calls to Plaintiffs' cell phones using an Automatic Telephone Dialing System ("ATDS"), a defined term under the TCPA, without their prior express consent.  Among other defenses, Defendants deny Plaintiffs' contentions because Defendants never placed, or even attempted to place, any telephone calls to Plaintiffs, much less using an ATDS.  Defendants have consistently represented to Plaintiffs that if any calls were made, they were made by a different company

named Conn Appliances, Inc.[1]

## II.
## SUMMARY OF ARGUMENT[2]

2.     Plaintiffs failed to properly disclose their retained expert pursuant to Federal Rule of Civil Procedure ("FRCP") 26 before the deadline set forth in this Court's Scheduling Order. This Court's Scheduling Order required Plaintiffs to disclose their expert testimony pursuant to FRCP 26(a)(2) and Local Rule ("LR") CV-26(b) on or before June 16, 2017.  On June 16, 2017, Plaintiffs disclosed a retained expert, Randall A. Snyder.[3]  There is no dispute as to whether Mr. Snyder is a retained expert.  However, Plaintiffs failed to provide an expert report as required by FRCP 26(a)(2)(B) and still have not provided any expert report.  The Parties did not enter into a stipulation to waive or modify FRCP 26(a)(2)(B)'s requirements, nor did Plaintiffs seek leave from this Court to waive or modify FRCP 26(a)(2)(B)'s requirements with respect to Mr. Snyder. Under FRCP 37(c)(1), this Court is authorized to strike Mr. Snyder as a witness from this case because of Plaintiffs failure to fully comply with FRCP 26(a)(2)(B) and this Court's Scheduling Order.  As further set forth below, Defendants respectfully request this Court do exactly that— strike Mr. Snyder as a witness and preclude his testimony in its entirety.

## III.
## ARGUMENTS AND AUTHORITIES

3.     Plaintiffs expert should be stricken because Plaintiffs have not provided an expert report, nor have they disclosed their retained expert's opinions or conclusions in this matter.

---

[1] On May 16, 2017, this Court adopted the Magistrate's Report and Recommendation to grant Conn Appliances, Inc.'s Motion to Compel Arbitration.  On July 5, 2017, Plaintiffs filed their TCPA claims against Conn Appliances, Inc. before the American Arbitration Association.

[2] Local Rule CV-7(c) requires a concise statement of the reasons in support of the motion.  This section is intended to satisfy that rule.

[3] The correspondence serving Mr. Snyder's "Declaration" is attached as Exhibit 1, and Mr. Snyder's "Declaration" is attached as Exhibit 2.  A copy of this Court's Scheduling Order requiring compliance with FRCP 26(a)(2) by June 16, 2017, is attached as Exhibit 3.

Indeed, Plaintiffs have wholly failed to comply with FRCP 26(a)(2)(B) and this Court's Scheduling Order.

      4.      FRCP 26(a)(2)(B) provides in pertinent part:

> (B) *Witnesses Who Must Provide a Written Report.* Unless otherwise stipulated or ordered by the court, this disclosure must be accompanied by a written report— prepared and signed by the witness—if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony. The report must contain:
>
> > (i) a complete statement of all opinions the witness will express and the basis and reasons for them;
> >
> > (ii) the facts or data considered by the witness in forming them;
> >
> > (iii) any exhibits that will be used to summarize or support them;
> >
> > (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;
> >
> > (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and
> >
> > (vi) a statement of the compensation to be paid for the study and testimony in the case.

In addition, the Court's Scheduling Order contemplated expert reports by that deadline as well because it states that a party's objection to an expert witness "shall be accompanied by a copy of the expert's report in order to provide the court with all the information necessary to make a ruling on any objection."  Exhibit 3.

      5.      Under Rule 26(a)(2)(B), an expert report "must be 'detailed and complete'" in order "to avoid the disclosure of 'sketchy and vague' expert information . . . ." *Sierra Club, Lone Star Chapter v. Cedar Point Oil Co. Inc.*, 73 F.3d 546, 571 (5th Cir. 1996) (citing Fed. R. Civ. P. 26 advisory committee's note). Compliance with FRCP 26(a)(2)(B) in conjunction with a court's scheduling order is essential to allow parties to prepare effectively for cross examination of

expert witnesses and, if necessary, to arrange for testimony by additional expert witnesses. Fed. R. Civ. P. 26(a)(2)(B) advisory committee's note.

6.      Here, Plaintiffs wholly failed to comply with the requirements of FRCP 26(a)(2)(B) and this Court's Scheduling Order.  The Court's Scheduling Order required Plaintiffs to disclose experts pursuant to FRCP 26(a)(2) on or before June 16, 2017.  Exhibit 3.  As set forth above, FRCP 26(a)(2) requires a detailed expert report.  On that date, Plaintiffs served Defendants with the Declaration of Randall A. Snyder.  Exhibit 1; Exhibit 2.  However, Mr. Snyder's Declaration is nothing more than a cursory introduction.  It includes his name, address, C.V., that he has been retained by Plaintiffs, some information about his training and experience, his compensation rate, and that he will provide his conclusions and opinions about whether Defendants' utilized an ATDS at a later date.  The Declaration contains nothing required by FRCP 26(a)(2)(B)(i)-(iii). To date, Plaintiffs have offered no explanation for why Mr. Snyder's report was not timely produced, nor have they ever requested an extension of time from the Court to provide Mr. Snyder's full and complete report, despite ample opportunities to do so.

7.      Under Rule 37(c)(1), "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."  Thus, the sanction for exclusion is automatic unless the sanctioned party can show that its violation of Rule 26(a) was either justified.  [cite].  The trial court may exercise its discretion to exclude the reports and testimony of expert witnesses based on Rule 26(a) violations.  *Harmon v. Georgia Gulf Lake Charles L.L.C.*, 476 Fed. Appx. 31, 36 (5th Cir. 2012) (finding that two page letter identifying expert submitted by deadline that merely summarized medical reports failed to meet the standards of Rule 26); *Hamburger v. State Farm*

*Mut. Auto. Ins. Co.*, 361 F.3d 875, 884 (5th Cir. 2004) (finding district court did not abuse its discretion in barring untimely designated expert witness); *Sierra Club*, 73 F.3d at 571 (affirming the district court's decision to exclude an expert report and the expert's testimony at trial where the initial report was nothing more than an outline, even though the report was later "supplemented" after the deadline).

8.      When evaluating whether a violation of Rule 26 is harmless for purposes of Rule 37(c)(1), the court looks to four factors: (1) the explanation for the failure to identify the witness; (2) the importance of the testimony; (3) potential prejudice in allowing the testimony; and (4) the availability of a continuance to cure such prejudice. *Hamburger*, 361 F.3d at 884 (citing *Geiserman v. MacDonald*, 893 F.2d 787, 791 (5th Cir. 1990)). Each factor is addressed below.

### A.  The Explanation for the Failure to Disclose.

9.      To date, Plaintiffs have offered no explanation for the failure to comply with FRCP 26(a)(2)(B).  The only mention of any possible reasoning is in Mr. Snyder's Declaration, which states: "When the appropriate materials are made available I will provide my conclusions and opinions . . . ." Exhibit 3.  Plaintiffs' counsel have never raised this issue with Defendants or the Court, despite many opportunities to do so.  This case was filed on September 12, 2016.  Dkt. 1.  The parties conducted a Rule 26(f) conference, and then filed a Joint Report on December 19, 2016.  Dkt. 18.  The Parties originally agreed upon March 15, 2017, as the date for Plaintiffs' to comply with Rule 26(a)(2).  Dkt. 18.  Because of pending Motions to Dismiss and to Compel Arbitration, the Court requested the Parties submit a letter stating an agreed upon time frame for a resetting of the trial.  On March 29, 2017, the Parties' complied.  Exhibit 4.  On March 30, 2017, the Court issued the current Scheduling Order, requiring Plaintiffs' to comply with Rule 26(a)(2) by June 16, 2017.  On July 13, 2017, after Plaintiff's expert disclosure deadline, the

Parties attended a telephonic status conference before the Court.  The Court asked the Parties if there were any issues that needed to be addressed.  The Parties both stated there were none. Despite all of these opportunities, Plaintiffs never made any mention of, nor did they seek an extension to its deadline from the Court to provide an expert report.

10.     Instead, Plaintiffs' expert's Declaration merely provides that he will supplement at a later date.  However, "[t]he purpose of rebuttal and supplementary disclosures is just that— to rebut and to supplement. These disclosures are not intended to provide an extension of the deadline by which a party must deliver the lion's share of its expert information."  *Sierra Club*, 73 F.3d at 571.

### B.  The Importance Of The Testimony.

11.     Defendants anticipate that Plaintiffs will argue their expert is important to their case for proving that Defendants utilized an ATDS as that term is defined under the TCPA. Nevertheless, "[t]he importance of such proposed testimony cannot singularly override the enforcement of local rules and scheduling orders." *Barrett v. Atl. Richfield Co.*, 95 F.3d 375, 381 (5th Cir. 1996) (quoting *Geiserman v. MacDonald*, 893 F.2d 787, 792 (5th Cir. 1990)).

12.     In addition, Plaintiffs' expert is not essential because there is no requirement for expert testimony to prove any element of a TCPA claim, including ATDS. Furthermore, it appears from the little information provided in Mr. Snyder's Declaration that he is prepared to do nothing more than offer a legal conclusion or his interpretation of legal definitions and the statute at issue.  Indeed, Mr. Snyder has already been excluded by other federal courts for this very reason. *Legg v. Voice Media Group, Inc.*, 20 F. Supp. 3d 1370, 1376 (S.D. Fla. 2014) ("The Court notes that it has excluded the testimony of Legg's expert, Randall Snyder, on this point

[whether defendant used an ATDS], and will not consider his opinions or testimony in arriving at its conclusions . . . ."); *See also* Exhibit 5, at pp. 8-11.

13.     Furthermore, other federal courts have stricken purported TCPA expert's reports for violations of Rule 26, and noted that they are non-essential, if not entirely unnecessary, to proving a TCPA claim. *See, e.g.*, *Hunt v. 21st Mortg. Corp.*, 2:12-CV-2697-WMA, 2014 WL 426275, at *3 n.2 (N.D. Ala. Feb. 4, 2014) (Excluding an alleged TCPA expert's report for failure to comply with Rule 26 and noting: "The court gratefully accepts expert testimony on factual issues outside the scope of its own expertise, but does not require experts to help it with legal interpretation and application of statutes like the TCPA.") (citing *Montgomery v. Aetna Cas. & Sur. Co.*, 898 F.2d 1537, 1541 (11th Cir.1990) ("A[n expert] witness also may not testify to the legal implications of conduct; the court must be the jury's only source of law.")); *Davis v. Diversified Consultants, Inc.*, 36 F. Supp. 3d 217, 225 n.11 (D. Mass. 2014) (finding in a TCPA Case that "it does not appear that expert testimony is necessary to determine the question [of whether defendant used an ATDS]."); *see also Marks v. Crunch San Diego, LLC*, 55 F. Supp. 3d 1288, 1293 (S.D. Cal. 2014) (finding alleged TCPA expert Jeff Hansen's report irrelevant because he merely opined on legal questions (whether an ATDS was used) and did not consider his report in granting defendant's summary judgment).

### *C.  Potential Prejudice In Allowing The Testimony.*

14.     The potential prejudice to Defendants in allowing Mr. Snyder's testimony without requiring timely compliance with Rule 26(a)(2)(B) is great and will impact, and has already impacted, Defendants' ability to challenge Mr. Snyder's expert's opinions and qualifications as the parties are nearing the close of discovery, which is September 22, 2017.  Indeed, when an expert report is required under Rule 26(a)(2)(B), the deposition must be conducted after the

report is provided. Fed. R. Civ. P. 26(b)(4)(A).  Furthermore, Defendants do not consent to or request a continuance of this matter. During the parties' July 13, 2017 status conference, the Court explained that continuances are only granted under exigent circumstances.  Plaintiffs never mentioned this issue, or that their expert needed more time so the deadline should be altered. Permitting Mr. Snyder to testify or late-submit a report would be effectively punishing Defendants and forcing them into a truncated discovery period.  Defendants should not be forced to bear this undue burden and expense.

### D.  The Possibility of a Continuance to Cure Such Prejudice.

15.    A continuance is not warranted to cure Plaintiffs' defective expert disclosures. In *Hamburger*, the Fifth Circuit made clear that continuances are not justified to cure party's failure to comply with rule and court's scheduling order. *Hamburger*, 361 F.3d at 884.  As set forth in more detail above, Plaintiffs had numerous opportunities to affirmatively raise this issue and seek leave or a new deadline that would permit their expert to provide a Rule 26(a)(B)(2) report. At the least, Plaintiffs had opportunities to mention this alleged issue at the initial scheduling conference, during discussing and filing the joint scheduling order, when the Court requested the parties confer to determine if new dates and any scheduling changes were necessary, and when the Court conducting a July 13, 2017 status conference.  However, the Plaintiffs never raised it.

16.    Moreover, the Defendants have consistently, and through verified interrogatory responses, represented that they never called, or even attempted to call, Plaintiffs.  Indeed, Defendants stated through their verified interrogatory responses that if any calls were made, they were made by Conn Appliances, Inc., the party with whom Plaintiffs signed contracts and were compelled to arbitrate.  Just as recently as July 5, 2017, Plaintiffs finally filed their TCPA claims against Conn Appliances, Inc. in the AAA, despite Defendants informing them since the

inception of this lawsuit that Conn Appliances, Inc. is the only proper party to this lawsuit.  At this juncture, Plaintiffs actions appear merely dilatory in nature, and no continuance should be granted to cure their deficient expert disclosures.

## IV.
## CONCLUSION AND PRAYER

WHEREFORE, Defendants respectfully request the Court issue an order granting this Motion and excluding the testimony and expert report of Mr. Randy Snyder, and award all relief, in law and in equity, to which Defendants may be entitled.

Respectfully submitted,

**MUNSCH HARDT KOPF & HARR, P.C.**

By: */s/ Michael A. Harvey*
           **MICHAEL A. HARVEY**
           State Bar No. 24058352
           Federal ID No. 917759
           Pennzoil Place
           700 Milam Street, Suite 2700
           Houston, Texas 77002
           Telephone:  (713) 222-4068
           Fax:  (713) 222-5868
           mharvey@munsch.com

           **ATTORNEY FOR DEFENDANTS CONN'S, INC., CONN CREDIT CORPORATION, INC., AND CONN CREDIT I, LP**

**OF COUNSEL:**

**CHRISTOPHER M. JORDAN**
State Bar No. 24087817
FIN: 2218263
**MUNSCH HARDT KOPF & HARR, P.C.**
303 Colorado Street, Suite 2600
Austin, Texas 78701
Telephone:  512-391-6145
Fax:  713-222-5886
cjordan@munsch.com

## CERTIFICATE OF CONFERENCE

I hereby certify that I conferred with counsel for Dallas Lockett and Michelle Lockett on July 31, 2017, by e-mail about Defendants Conn's, Inc., Conn Credit Corporation, Inc., and Conn Credit I, LP Motion To Strike Or Limit Plaintiffs' Federal Rule Of Civil Procedure 26(a)(2) Expert.  Plaintiffs' counsel indicated that Plaintiffs are opposed to the relief Defendants seek through this Motion.

*/s/ Christopher M. Jordan*
Christopher M. Jordan

## CERTIFICATE OF SERVICE

I hereby certify that on this 31st day of July 2017, a true and correct copy of the foregoing document was electronically filed with the Clerk for the Eastern District of Texas via CM/ECF system and served upon all counsel of record.

Chris R. Miltenberger
The Law Office of Chris R. Miltenberger, PLLC
1240 White Chapel, Suite 100
Southlake, Texas 76092-4322
E-mail: chris@crmlawpractice.com

Carissa Picard
Ramona Ladwig
Picard Ladwig PLLC
5960 W. Parker Road #278-240
Plano, Texas 75093
E-mail: carissa@picardladwig.com
E-mail: ramona@picardladwig.com

*Attorney for Plaintiffs*

*/s/ Michael A. Harvey*
Michael A. Harvey